PER CURIAM
GRANTED IN PART. The district attorney is ordered to answer the following portion of relator’s Claim III:
“The prosecution was under court order to give the defense all exculpatory evidence in its possession, and failed to supply critical evidence showing that Mrs. Frank Corso (victim’s wife) gave the police artist details for composite drawing of only one alleged burglary perpetrator shortly after the crime showing that she could identify only one man. Mrs. Corso told the police artist that one perpetrator was 5' 8", white, and had long hair. Mrs. Corso told the police artist that only two white men committed the crime, but that they were wearing ski masks and that she could only identify the one who was shot by her husband who removed his ski mask inside the house before fleeing. Mrs. Corso described the second perpetrator as being 5' 5" or 5' 6", white, 130 pounds and wearing a mask when she saw him inside the house. This petitioner is 6' 6", 240 pounds, and white. During the course of trial Mrs. Corso told the jury that she saw petitioner, Peter Mule’, and Kirksey Nix outside her back door and that they kicked in the door and then got into a gun battle with her husband and caused his death, and that they were not wearing any masks whatsoever. The prosecutor’s failure to disclose this evidence resulted in substantial prejudice to petitioner’s defense as it would have changed the jury’s verdict.”
Additionally, the trial court is ordered to conduct an inspection of the district attorney’s file, particularly police report Item # D070801, and of Mrs. Corso’s trial testimony (and, if additionally necessary, thereafter to conduct an evidentiary hearing) to determine the merits of relator’s claim.
Otherwise, the writ is denied.